Filed 3/13/23  In re J.T. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re J.T., a Person Coming Under Juvenile Court Law. | B322456 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.T.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19LJJP00602) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa A. Brackelmanns, Juvenile Court Referee. Conditionally affirmed and remanded with directions.

Anuradha Khemka, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, and Jessica Mitchell, Deputy County Counsel, for Plaintiff and Respondent.

————————————————

## INTRODUCTION

Mother appeals from termination of parental rights to son. She argues that the juvenile court and the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with their inquiry duties under Welfare and Institutions Code section 224.2, subdivision (b)—the California statute implementing the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.).[1] DCFS concedes it and the juvenile court failed to comply with ICWA and related California statutes implementing ICWA's initial inquiry rules. Accordingly, we conditionally affirm the termination of parental rights and remand to allow DCFS and the juvenile court to remedy the ICWA inquiry errors and determine anew whether ICWA applies.

## FACTUAL AND PROCEDURAL BACKGROUND

After the family came to DCFS's attention due to the parents' drug use, DCFS inquired with mother about Indian heritage. In July 2019, mother stated that she may have Indian ancestry but did not provide the name of a particular tribe. On August 23, 2019, mother filed a Parental Notification of Indian Status (ICWA-020 form), indicating she may have Indian ancestry with the Cherokee Tribe through her maternal family. On this same date, the juvenile court held the detention hearing. Although mother appeared, the court never inquired with mother about her Indian heritage. The juvenile court ordered DCFS to investigate mother's Indian ancestry and deferred its ICWA findings.

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

2

DCFS's October 8, 2019 jurisdiction and disposition report indicated that its dependency investigator spoke with mother, who confirmed she was told by family members there is possible Cherokee ancestry via her maternal grandfather. The investigator spoke with a maternal aunt and her wife, who were son's caregivers. The maternal aunt verified there might be Cherokee ancestry through the maternal grandfather and provided DCFS with all available information for son's maternal grandparents. DCFS reported that ICWA notices would be completed and provided to the court with certified receipts prior to the jurisdiction/disposition hearing set for October 8, 2019.

On October 8, 2019, father made his first appearance in court and filed an ICWA-020 form, indicating he may have Blackfoot and Cherokee ancestry. The court did not inquire with father about his heritage. The court deferred its ICWA findings as to father, and ordered DCFS to investigate father's claim of Indian ancestry and to notice tribes where appropriate.

On December 5, 2019, the juvenile court assumed jurisdiction over then-infant son, sustaining section 300 allegations based on parental drug abuse. At this juncture, DCFS requested the court make ICWA findings because 60 days had passed since noticing the Cherokee tribe. In response, the court indicated it had reviewed the ICWA notice sent to the Cherokee tribe and "based on the evidence presented to the court as of today's date, court finds that the Indian Child Welfare Act does not apply."

On February 25, 2021, the court terminated reunification services, and set a section 366.26 permanency planning hearing.

On August 5, 2022, the juvenile court reiterated that ICWA did not apply and then denied mother's section 388 petition,

finding no changed circumstances. The court found son adoptable and terminated parental rights.

### DISCUSSION

Mother asserts that although she reported Cherokee heritage and father reported Cherokee and Blackfoot heritage, the record reflects deficient inquiry by both the juvenile court and DCFS. The juvenile court did not ask the parents if they had any reason to know if the child was an Indian child, and failed to instruct mother to provide any subsequently gained information regarding the child's Indian status to the court. DCFS did not inquire of father about his Native American Indian ancestry, and did not inquire with known and available extended maternal and paternal family members about whether the child was an Indian child. The ICWA-030 notice to the Cherokee tribe is also missing from the record. Mother requests conditional reversal of the order terminating parental rights and remand to ensure proper inquiry and notice.

DCFS concedes it did not inquire with father about his Indian ancestry, and did not inquire with known and available extended maternal and paternal family members about Indian ancestry—specifically, maternal aunts, a maternal uncle, maternal great-aunt, maternal grandmother, maternal grandfather, paternal grandmother, paternal great-aunt, and paternal great-grandmother. DCFS acknowledges it reported to the juvenile court that it would notice the Cherokee tribe in relation to mother's claim of Cherokee ancestry, but that the ICWA-030 notice purportedly sent to the Cherokee tribe is missing from the record. DCFS also states the juvenile court did not inquire with the parents about their Indian heritage or admonish them to provide subsequently gained information

4

about Indian heritage to the court.  DCFS asks us to conditionally affirm the trial court's order terminating parental rights, or in the alternative, reverse and remand for ICWA compliance.

We have reviewed the record, and agree DCFS and the juvenile court failed to satisfy ICWA's inquiry provisions as described above.  We conditionally affirm the order.

## DISPOSITION

The termination of parental rights order is conditionally affirmed and remanded to the juvenile court for the limited purpose of ensuring compliance with the inquiry provisions of section 224.2 and, if required, the notice provisions of section 224.3.  The juvenile court shall order DCFS to furnish the court with the ICWA-030 notice sent to the Cherokee tribe in relation to the maternal grandfather's heritage, or alternatively reissue the notice to the tribe.  The court shall inquire with the parents regarding their heritage and shall order DCFS to complete an inquiry into son's Indian ancestry by making reasonable efforts to interview available extended maternal and paternal family members.  If, after ICWA compliance, the juvenile court issues an order determining that ICWA does not apply, the order terminating parental rights shall remain in effect.  If the court determines ICWA applies, it shall vacate the order and proceed in accordance with ICWA and related state law.


RUBIN, P. J.

WE CONCUR:


BAKER, J.                    MOOR, J.


5